IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

MICHAEL SHAWN ZILEM          §
VS.                          §    CIVIL ACTION NO. 1:07cv326
T.C. OUTLAW                  §

MEMORANDUM OPINION REGARDING VENUE

Michael Shawn Zilem, an inmate at the Federal Correctional Institution in Beaumont, Texas, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Procedural Background

In 2003, pursuant to a plea of guilty entered in the United States District Court for the Western District of Texas, petitioner was convicted of attempting to manufacture methamphetamine. He was sentenced to 130 months imprisonment. Petitioner did not appeal his conviction or sentence. Nor has he filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

Petitioner states his conviction should be vacated because he was not competent at the time of his criminal proceeding.

Discussion

Petitioner is not challenging the manner in which his sentence is being executed. Instead, he asserts his conviction itself was improper. While a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 is the proper method for challenging the manner in which a sentence is being executed, *United States v. Cleto*, 956 F.2d 83 (5th Cir. 1992), a motion to vacate, set aside

or correct sentence filed pursuant to 28 U.S.C. § 2255 is the proper method for challenging a conviction or sentence itself. *Cox v. Warden, Federal Detention Center*, 911 F.2d 1111 (5th Cir. 1990).

As petitioner is challenging his conviction itself, the court will construe his filing as a motion to vacate, set aside or correct sentence. A motion to vacate must be filed in the district where the person seeking relief was sentenced. *Solsona v. Warden, F.C.I.*, 821 F.2d 1129 (5th Cir. 1987). As petitioner was convicted in the United States District Court for the Western District of Texas, this filing shall be transferred to that court.

## Conclusion

For the reasons set forth above, this action shall be transferred to the Waco Division of the United States District Court for the Western District of Texas. A Transfer Order shall be entered in accordance with this Memorandum Opinion.

SIGNED this __19__ day of _____July_____, 2007.

_____
EARL S. HINES
UNITED STATES MAGISTRATE JUDGE

2